**Ronald HORVATH, Appellant,**

v.

**Darlynn Renee HORVATH, Appellee.**

No. 2006–SC–000837–DG.

Supreme Court of Kentucky.

April 24, 2008.

Robert W. Carran, Covington, KY, Counsel for Appellant.

Stephen D. Wolnitzek, Covington, KY, Counsel for Appellee.

Opinion of the Court by Justice SCOTT.

In this dissolution of marriage case, the Court of Appeals affirmed the trial court's decree of dissolution with respect to its finding that Appellant, Ronald Horvath ("Ron"), owed a maintenance arrearage to Appellee, Darlynn Renee Horvath ("Renee"). This Court granted discretionary review only on the issue of whether monthly payments by Ron to Renee satisfied his temporary maintenance obligation. In this regard, we disagree with the Court of Appeals and the trial court that Ron was in arrears on maintenance, and therefore reverse the Court of Appeals on this point only.[1]

## I. Facts

Ron and Renee were married on December 9, 1963. They had been married for 38 years, and had no minor children, when they separated on March 30, 2001.[2]

On July 31, 2001, Renee filed her petition for dissolution of marriage. In November 2002, while the dissolution action was pending, the parties orally agreed that Ron would pay Renee "temporary maintenance" of $1,700 per month.

At the time the dissolution petition was filed, Ron had been in business with two partners, working as an independent sales representative. In February 2003, Ron sold his interest to the other partners. In exchange for his shares, he was to receive $30,000 in twelve quarterly payments of $2,500 and a consulting fee in the amount of $9,375 per month for three years.

The monthly consulting payments began in March 2003. At that time, Ron increased his payments to Renee up to a monthly amount equal to half the monthly consulting fee (less tax withholding, her health insurance, and half the cost of maintaining the parties' business rental property). These increased monthly payments to Renee varied from $2,921.61 to $4,339.50.

Thereafter, on June 23, 2003, Renee moved for a temporary maintenance order. On July 16, 2003, the trial court entered an order requiring Ron to pay $1,700 per month temporary maintenance as per their previous agreement. Ron however continued paying Renee the greater amount, equal to half of the monthly consulting fee, less the amounts mentioned.

In its final decree of dissolution, the trial court characterized the sales price, as well as the consulting fee for Ron's business interest, as a marital assert and treated the payments to Renee, which began in March 2003, as a division of marital property, rather than maintenance. Consequently, the trial court concluded that Ron owed $1,700 per month in maintenance arrears from the date of the order on July 16, 2003, to the date of judgment.[3]

The Court of Appeals, in a 2–1 decision, affirmed on this issue. The majority however expressed reservations about the trial court's characterization of the amount (which Ron owed to Renee) as a maintenance arrearage because

[a]t the times Ron made the payments to Renee, there was no court order directing distribution of the proceeds from the sale of the marital asset. The only relevant order in effect was the temporary maintenance order, and Ron was making monthly payments to Renee in excess of his maintenance obligation during this period. The trial court's ruling in this respect seems to penalize

---

1. Thus this opinion shall not affect the opinion of the Court of Appeals on other issues not directly addressed herein.

2. There was no decree of legal separation.

3. This amounted to $26,766 in arrears.

Ron based upon a later factual finding that he was unlikely to have anticipated. *Horvath v. Horvath,* 2006 WL 2382728, at *2 (Ky.App.2006). Nonetheless, the majority affirmed, finding that regardless of whether the money owed was characterized as a maintenance arrearage or proceeds from the division of marital property, Ron still owed Renee the same amount. This conclusion ignores the issue of accrued interest on amounts found to be in arrearage.

The majority further stated that Ron would suffer no prejudice from the trial court's classification of the amount owed as maintenance, as the trial court did not find Ron in contempt for any such perceived failure to pay the maintenance as ordered. Thus, the Court of Appeals determined that Ron had not demonstrated that he was "significantly aggrieved" by the trial court's ruling, even if the trial court did err in classifying the amount owed as a maintenance arrearage and thus creating an arrearage.

On the other hand, according to the dissent, Ron was prejudiced by the trial court's ruling because he has in effect had to pay maintenance twice, first from the marital property while the dissolution proceeding was pending and then from his separate property after the divorce.

## II. Analysis

■ Ron argues that his monthly payments to Renee satisfied his temporary maintenance obligation and urges us to set aside that portion of the decree of dissolution (and the Court of Appeals' opinion) which require him to pay arrearages to Renee of $1,700 per month, from the date of the court order to the date of judgment.

This, of course, is the only issue upon which we granted discretionary review.

■ During the pendency of an action for dissolution, the trial court may allow a spouse temporary maintenance. KRS 403.160. The purpose of temporary maintenance is to preserve the status quo between the spouses while the dissolution proceeding is pending. 27B C.J.S. *Divorce* § 503. Temporary maintenance, of course, terminates with the entry of the dissolution decree.

Here, upon motion by Renee, the trial court ordered Ron to pay $1,700 per month for temporary maintenance. Ron paid Renee at least $1,700 per month from the date of the court order, July 16, 2003, until the decree of dissolution entered on June 15, 2004. Undoubtedly, the payments were for temporary maintenance as there is nothing in the record to document any agreement that the increased payments were an agreed division of marital assets and no one has argued they were gifts.

■ In determining whether Ron satisfied his temporary maintenance obligation, it is immaterial in this instance,[4] that the source of funds for these payments was marital property. In fact, Kentucky law, with few exceptions, presumes that all property acquired subsequent to the marriage and before legal separation is marital property. KRS 403.190(2)-(3). Thus, there is no statutory requirement that temporary maintenance be paid out of nonmarital property, so long as each party receives his or her full share of marital property on entry of decree.

Here, in dividing the marital property, the trial court tried to equalize the parties' assets and ruled that, under the circum-

---

**4.** We have not been apprised that the payments were otherwise in violation of any or-  der.

stances of the marriage Renee was entitled to half of the consulting fee, which was found to be marital property, Thus, Ron used a portion ($1,700) of what was later determined to be Renee's share of the monthly consulting payments to satisfy his temporary maintenance obligation to her. Consequently, Ron must now pay Renee her full share of this marital asset, less, of course, the amounts she has already received (or had assigned to her in regards to this asset) over and above the amount of $1,700 per month she received as temporary maintenance.

Having found that Ron's payments to Renee to the extent of $1,700 per month were for temporary maintenance, we conclude that the trial court incorrectly found an arrearage in maintenance. There was none, as it had been paid.

### III. Conclusion

For the foregoing reasons, we reverse the Court of Appeals on this issue only and remand this matter back to the trial court for such further proceedings as are appropriate to comply herewith and with the remainder of the Court of Appeals' opinion, which we have not addressed in this opinion.

All sitting. All concur.